UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Michael Struffolino,
    Plaintiff

    v.                                       Civil No. 04-cv-137-SM
                                          Opinion No. 2005 DNH 108
Richard McCoy d/b/a
Colley-McCoy N.H. Co.,
    Defendant

**O R D E R**

When originally filed in the New Hampshire Superior Court, this case consisted of a single count, asserting a claim of negligence. Subsequently, the Superior Court granted plaintiff's motion to amend the writ of summons, to add a second count, which asserted:

> IN A PLEA OF THE LAW, for that the allegations of Count I are reiterated and incorporated herein by reference; that on February 18, 2000 Plaintiff was an individual with a disability under the Americans with Disabilities Act [("ADA")] and N.H. R.S.A. 354-A; that Plaintiff was an individual with a physical impairment substantially limiting one or more major life activities and was an individual regarded as having such impairment, whether or not he had the impairment; that the walkway on which Plaintiff slipped and fell on February 18, 2000 violated the provisions of the Americans with Disabilities Act and N.H. R.S.A. 354-A regarding public accommodations; that as a direct and proximate result of Defendant's violation of the

> Americans [with] Disabilities Act and N.H. R.S.A. 354-A
> with respect to the walkway in question, Plaintiff, a
> person with a disability, was caused to slip and fall
> and sustained severe injuries; that Defendant's conduct
> as above specified constitutes negligence per se, which
> proximately caused Plaintiff's injuries; all to the
> damage to the Plaintiff as he says within the
> jurisdictional limits of this Court.

In response to plaintiff's amendment, defendant removed the case to this court on grounds that "[b]y letter dated March 12, 2004, Plaintiff mailed to the Superior Court a <u>Motion to Amend Writ of Summons</u> to include a claim pursuant to the Americans With Disabilities Act, 42 U.S.C. § 12101 <u>et seq.</u>"  While defendant cited the general removal statute, 28 U.S.C. § 1441, his petition did not specify the basis for this court's subject matter jurisdiction, <u>i.e.</u>, federal question or diversity.  His characterization of Count II as stating a claim "pursuant to" the ADA suggests an intention to invoke this court's federal question jurisdiction.  <u>See</u> 28 U.S.C. § 1331.  Plaintiff did not object to removal.

Next, defendant moved for judgment on the pleadings on Count II, arguing that plaintiff's factual allegations did not state a claim under the ADA and that plaintiff failed to file his N.H.

REV. STAT. ANN. ("RSA") § 354-A claim within 180 days after the alleged act of discrimination. In an order dated November 30, 2004 (document no. 23), the court declined to dismiss plaintiff's ADA claim but did dismiss his RSA 354-A claim, without prejudice. Plaintiff was then afforded an opportunity to file a motion to amend his complaint, to allege the necessary statutory prerequisite, namely, that he had filed a timely complaint with the New Hampshire Commission for Human Rights. See RSA 354-A:21-a. Plaintiff did file an "Amendment to Complaint" (document no. 31), but that amendment does not allege that he filed the required complaint with the Human Rights Commission.

Before the court is defendant's motion for summary judgment on Count II. While defendant advances essentially the same arguments previously made in his motion for judgment on the pleadings (i.e., that plaintiff failed to allege the statutory jurisdictional prerequisite for an RSA 354-A claim, and that on the undisputed factual record, his restaurant is ADA compliant), the issue of removal must be addressed before proceeding further.

Plaintiff's failure to object to removal is not critical "[b]ecause a federal court is under an unflagging duty to ensure that it has jurisdiction over the subject matter of the cases it proposes to adjudicate [and is] obligated to address the propriety of removal as a threshold matter even though neither party has raised a question in that regard." Am. Policyholders Ins. Co. v. Nyacol Prods., Inc., 989 F.2d 1256, 1258-59 (1st Cir. 1993) (citing Mansfield, Coldwater & Lake Michigan Ry. Co. v. Swan, 111 U.S. 379, 382 (1884)). In American Policyholders, the court of appeals vacated a final judgment entered in favor of a defendant in a declaratory judgment action, on grounds that the defendant's removal of the action from state court was improper.

Here, the only reasonable reading of Count II is that it asserts a state law claim of negligence per se, with the ADA and RSA 354-A providing the requisite standard of conduct. See Mahan v. N.H. Dep't of Admin. Servs., 141 N.H. 747, 754 (1997) ("When an action exists at common law, the negligence per se doctrine may define the standard of conduct to which a defendant will be held as that conduct required by a particular statute . . .") (citing Marquay v. Eno, 139 N.H. 708, 713 (1995)). As described

4

in plaintiff's state-court motion to amend, Count II does not, and was not meant to, state a claim under the ADA (or RSA 354-A).[1]

Moreover, plaintiff's reliance upon the ADA to provide the standard of care for his negligence per se claim does not transform that claim into a federal question for purposes of establishing subject matter jurisdiction. In Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804 (1986), the Supreme Court held

> that a complaint alleging a violation of a federal statute as an element of a state cause of action, when

---

[1] Plaintiff's second motion to amend, the one filed in this court in response to the order on defendant's motion for judgment on the pleadings, could, conceivably, be read as amending the complaint to assert an ADA claim, but given the context in which that motion was drafted, including the court's incorrect presumption that Count II was an ADA claim, and the obligation to resolve "any ambiguity as to the source of law relied upon by the . . . plaintiff[] . . . against removal," Rossello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 11 (1st Cir. 2004) (citation omitted), plaintiff's second motion to amend is insufficient to insert an ADA claim into this case.
However, even if plaintiff had unambiguously asserted an ADA claim, the uncontested facts produced by defendant in his motion for summary judgment, i.e., that his restaurant had at least one entrance that was accessible within the meaning of the ADA, establishes the absence of an ADA violation, given that neither Title III of the ADA nor the implementing regulations contain any requirement that all entrances of a public accommodation be accessible.

5

> Congress has determined that there should be no
> private, federal cause of action for the violation,
> does not state a claim "arising under the Constitution,
> laws, or treaties of the United States."

Id. at 817 (quoting 28 U.S.C. § 1331).  In reaching that conclusion, the Court noted that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."  Id. at 813 (footnote omitted).

While Merrell Dow involved a state law negligence claim premised upon a drug manufacturer's violation of the labeling provisions of the Federal Food, Drug, and Cosmetic Act, the reasoning of that opinion has been applied to state claims premised on alleged violations of the ADA.  In Wagner v. Regent Investments, Inc., 903 F. Supp. 966 (E.D. Va. 1995), the court relied upon Merrell Dow in holding that claims for negligence and negligence per se premised upon ADA violations were not federal questions for purposes of establishing subject matter jurisdiction.  Id. at 970.  The court explained that while the ADA, unlike the federal statute at issue in Merrell Dow, does contain a private right of action, Title III of the ADA does not provide for the recovery of damages, thus indicating "Congress'

6

. . . intent that reference to ADA provisions in a state court action for damages is 'insufficiently substantial' to confer federal question jurisdiction over the claim." 903 F. Supp. at 970. See also Coil v. Recovery Mgmt. Corp., No. 05-0151CVWDW, 2005 WL 1182366 (W.D. Mo. May 16, 2005) (granting motion to remand negligence and negligence per se claims premised on ADA violations); c.f. Danfelt v. Bd. of County Comm'rs, 998 F. Supp. 606 (D. Md. 1998) (granting motion to remand wrongful discharge claim premised on ADA violation); but see Grodi v. Mandalay Resort Group, Inc., No. 2:03CV112-D-A, 2003 WL 22244048 (N.D. Miss. Aug. 4, 2003) (denying motion to remand negligence and negligence per se claims premised on ADA violations).

The reasoning of Wagner and Coil is persuasive; Count II of plaintiff's amended complaint, asserting a claim of negligence per se, does not present a federal question sufficient to establish subject matter jurisdiction. Parenthetically, even if Grodi controlled, the result here would be the same, due to plaintiff's identification of both the ADA and RSA 354-A as statutory bases for his negligence per se claim. See Rains v. Criterion Sys., Inc., 80 F.3d 339, 345 (9th Cir. 1996) ("The

invocation of Title VII as a basis for establishing an element of a state law cause of action does not confer federal question jurisdiction when the plaintiff also invokes a state constitutional provision or a state statute that can and does serve the same purpose.") (footnote omitted).

    Because this court lacks federal question jurisdiction over plaintiff's claims, removal was proper only if a basis existed for exercising diversity jurisdiction. As noted above, defendant has not invoked the court's diversity jurisdiction, nor has he undertaken to establish facts establishing diversity jurisdiction. As sufficient jurisdictional facts do not appear in either plaintiff's complaint[2] or defendant's petition for removal,[3] removal of this case was improper. The court lacks subject matter jurisdiction. See 16 MOORE'S FEDERAL PRACTICE § 107.14[2][f][iii] (3d ed. 2000) ("[D]efendants seeking to remove based on diversity jurisdiction have the burden of

---

    [2] Plaintiff's complaint is silent as to both the citizenship of the parties and the amount in controversy.

    [3] Defendant's petition for removal identifies plaintiff as a resident of Massachusetts, but does not indicate the citizenship of either party, and does not mention an amount in controversy.

establishing all elements of diversity jurisdiction.  If the removing defendants do not meet that burden, federal jurisdiction does not exist.") (citation and footnotes omitted); see also Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)) ("removal statutes are strictly construed").

Finally, there would appear to be another obstacle to removal.  Assuming that plaintiff is a citizen of Massachusetts and defendant is a citizen of New Hampshire, removal would be improper because under the removal statute, when federal court jurisdiction over an action is based upon diversity, that "action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).

Because this court has neither federal question nor diversity jurisdiction over plaintiff's claims, removal was improper.  28 U.S.C. § 1441.  Accordingly, the court's previous order in this case (document no. 23) is vacated; plaintiff's motion to amend (document no. 31), his motion for enlargement

(document no. 36), and defendant's motion for summary judgment (document no. 34) are all moot; and the case is remanded to the New Hampshire Superior Court.

**SO ORDERED.**

```
                              _____
                              Steven J. McAuliffe
                              Chief Judge
```

July 14, 2005

cc:  Christopher J. Poulin, Esq.
     Michael Struffolino